IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

**Richmond Division**

JOYCE J. GHOLSON,

      Plaintiff,

v.              Case No. 3:14-cv-622-JAG

STEVEN BENHAM, *et al.*

      Defendant.

**OPINION**

In February 2013, the Hopewell Redevelopment and Housing Authority fired long-time employee Joyce Gholson. Gholson claims that her termination was the culmination of years of harassment and discrimination based on her race, color, gender, and age. She filed this law suit against the Authority, its commissioners, and various employees, alleging violations of Title VII, the Age Discrimination in Employment Act, and her Fourteenth Amendment rights. The defendants filed a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Upon review of the complaint, the Court grants the motion in part and denies the motion in part.

The result of this opinion is the winnowing of Gholson's various claims. Stated simply, each type of discrimination—race, color, age, or gender—can move forward, but only under certain legal theories and against certain defendants. Gholson states valid claims for race, color, and age discrimination under Title VII and the ADEA, but those claims may be brought against only the Housing Authority, not the individual defendants. She also states valid claims for race and gender discrimination under § 1983, but only against defendants Steven Benham, Kathryn Thompson, and Madelyn Madison-Hyde, not the Housing Authority or the other remaining individual defendants. The remaining allegations fail to state a claim due to the doctrines of

administrative exhaustion, preemption, and municipal liability. Accordingly, the Court grants in part and denies in part the defendants' motion to dismiss for failure to state a claim.

## I. FACTS[1]

From 1992 until 2013, Joyce Gholson worked for the Hopewell Redevelopment and Housing Authority in a variety of positions. From 1993 to 2001, she worked without incident, first as a part-time "Fun Time" Aide and later as a full-time Resident Initiatives Coordinator. In 2001, the Authority promoted her to Community Services Coordinator, a position she held until 2011. In 2011, the Authority underwent an internal reorganization, part of which included the elimination of Gholson's position and the creation of the position Resident Services Manager. Gholson applied for this job, but the Authority instead hired her to the less senior position of Resident Services Specialist. She held this job until February 27, 2013, when the Authority terminated her employment, purportedly for performance concerns.

On March 27, 2013, Gholson filed an internal grievance with the Authority to complain about discriminatory treatment she faced throughout her employment, up to and including her termination. Settlement talks between the Authority and Gholson fell apart, and she ultimately withdrew her grievance. On July 27, 2013, she filed a formal charge of discrimination with the Equal Employment Opportunity Commission, alleging race, color, and age discrimination in her termination. The EEOC issued a right to sue notice on June 19, 2014. Gholson filed her lawsuit in this Court on September 8, 2014.[2]

---

[1] As required by the law governing motions to dismiss, the Court accepts the plaintiff's factual allegations as true. *See De Sole v. United States*, 947 F.2d 1169, 1171 (4th Cir. 1991).

[2] The Court notes that the Plaintiff's pleadings are not typical of most *pro se* pleadings, suggesting the possibility that they may have been "ghost-written" by an attorney. If so, this practice is strongly disapproved as unethical and as a deliberate evasion of the responsibilities imposed on attorneys, and this Opinion serves as a warning to that attorney that his or her actions may be unethical and could serve as a basis for sanctions. *See Laremont-Lopez v. Se. Tidewater*

In the suit, Gholson names as defendants the Housing Authority, Executive Director Steven Benham, Chairman Linwood Crenshaw, Vice-Chairman Mike Mahaney, Commissioner John Jones, Commissioner Sheila Flowers, Commissioner Renee Broxie, and employees Madelyn Madison-Hyde and Kathryn Thompson. Because Gholson listed Benham twice on the defendant list, once "in his capacity as Executive Director" and a second time "for Hopewell Redevelopment and Housing Authority," the Court understands Gholson to be bringing claims against Benham in both his individual and official capacities. The remaining individual defendants are named in their individual capacities.

Gholson's complaint contains four counts. Count I asserts discrimination on the basis of gender, in violation of Title VII. Count II asserts discrimination on the basis of race, color, and gender, also in violation of Title VII. Count III asserts discrimination on the basis of age, in violation of the Age Discrimination in Employment Act.[3] Count IV alleges violation of her equal protection rights under the Fifth and Fourteenth Amendments of the U.S. Constitution, in violation of 42 U.S.C. § 1983.

---

*Opportunity Ctr.*, 968 F. Supp. 1075, 1080-81 (E.D. Va. 1997) ("[T]he practice of ghost-writing legal documents to be filed with the Court by litigants designated as proceeding *pro se* is inconsistent with the procedural, ethical and substantive rules of this Court."); *Chaplin v. DuPont Advance Fiber Sys.*, 303 F. Supp. 2d 766, 773 (E.D. Va. 2004) (quoting *Laremont-Lopez*, 968 F. Supp. at 1077, 1080) ("[T]his Court 'considers it improper for lawyers to draft or assist in drafting complaints or other documents submitted to the Court on behalf of litigants designated as *pro se*,'" and "the practice of ghost writing documents 'will not be tolerated in this Court.'").

[3] Gholson actually alleges age discrimination in violation of Title VII, but Title VII does not prohibit age discrimination; that prohibition resides in the ADEA, 29 U.S.C. § 623. Because Gholson files her complaint *pro se*, the Court reads Count III to assert a violation of the ADEA, not Title VII.

## II. DISCUSSION[4]

### A. Rule 10 Requirements

The defendants first raise Rule 10 as a basis to dismiss Gholson's complaint. As relevant here, Rule 10(a) of the Federal Rules of Civil Procedure requires that "[t]he title of the complaint must name *all* the parties; the title of other pleadings, after naming the first party on each side, may refer generally to other parties." Fed. R. Civ. P. 10(a) (emphasis added). In Gholson's complaint, the defendants are listed as "Steven Benham, in his capacity as Executive Director of Hopewell Redevelopment and Housing Authority, et al." The defendants argue that the complaint should be dismissed as to all the remaining unnamed defendants.

Less than a week after the Court docketed Gholson's complaint, she submitted a defendant list to allow the Clerk of Court to issue summons. (*See* Dk. No. 16.) The Clerk issued process to each defendant on the list, and the process included a summons, a copy of the complaint, and the defendant list. (*See* Dk. No. 6.) Each defendant received these documents. (*See* Dk. Nos. 8-9.) Although it is true that using *et al.* to indicate additional defendants without naming them in the complaint does not strictly comply with Rule 10, the formal requirements of the rule should not prevent a *pro se* complaint from moving forward when the defendants ultimately received notice. See *Wojcicki v. Aiken Tech. College*, 360 F. App'x 484, 487-88 (4th Cir. 2010) ("[A] *pro se* complaint, however inartfully pleaded, must be held to less stringent

---

[4] A Rule 12(b)(6) motion to dismiss tests the sufficiency of a complaint; it does not resolve contested facts in the case or the factual basis of a claim or defense. *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992). In considering the motion, a court must accept all allegations in the complaint as true and must draw all reasonable inferences in favor of the plaintiff. *See Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999); *Warner v. Buck Creek Nursery, Inc.*, 149 F. Supp. 2d 246, 254–55 (W.D. Va. 2001). The plaintiff's allegations, however, must consist of sufficient factual matter that, accepted as true, "state[s] a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). This plausibility standard requires the plaintiff to demonstrate more than "a sheer possibility that a defendant has acted unlawfully." *Id.*

4

standards than formal pleadings drafted by lawyers."); *Chester v. Adams Auto Wash, Inc.*, 2014 WL 267095, at *2 (E.D.N.C. Jan. 24, 2014) ("Plaintiff's failure to conform to Rule 10's formal requirements does not prevent the complaint from achieving its fundamental purpose of giving defendant this fair notice.").

Because each defendant received the complaint and the defendant list indicating that the *pro se* plaintiff intended to include them as a defendant, the Court denies the defendants' motion to dismiss under Rule 10(a).

### B. Employment Discrimination Claims

Under Title VII, it is unlawful for an employer "to discharge any individual . . . because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1). Similarly, the Age Discrimination in Employment Act prohibits terminating an employee because of that person's age. *See* 29 U.S.C. § 623(a)(1).

The scope of a suit filed under Title VII and the ADEA is necessarily limited by the plaintiff's exhaustion of administrative remedies. *See Chacko v. Patuxent Inst.*, 429 F.3d 505, 509 (4th Cir. 2005). Chief among these is the requirement that a plaintiff first file a charge of discrimination with the EEOC and be issued a right to sue letter. Only then may the plaintiff pursue her claims in a federal court, and those claims must be limited to the claims properly brought to the EEOC's attention.

"Under Title VII and the ADEA, a civil action may be brought only 'against the respondent *named in the charge*.'" *Causey v. Balog*, 162 F.3d 795, 800 (4th Cir. 1998) (quoting 42 U.S.C. § 2000e-5(f)(1) and 29 U.S.C. § 626(e)) (emphasis added). This requirement puts the allegedly discriminatory employer on notice and allows "the EEOC to attempt reconciliation." *Id.* (citing *Alvarado v. Bd. of Trustees of Montgomery Cmty. Coll.*, 848 F.2d 457, 460 (4th Cir.

5

1988)). Here, Gholson's EEOC charge names only the Hopewell Redevelopment and Housing Authority, so she may not pursue claims under Title VII or the ADEA against any other defendants. The Court therefore dismisses Counts I, II, and III as against the eight individual defendants.[5]

Further limiting the scope of Gholson's claims is the requirement that an aggrieved employee file her EEOC charge within the applicable statute of limitations. *See* 42 U.S.C. § 2000e-5(e)(1) (setting statute of limitations period for Title VII claims); 29 U.S.C. § 626(d) (setting statute of limitations period for ADEA claims). Because Virginia is a "deferral" state, that period is 300 days. *See Puryear v. Cnty. of Roanoke*, 214 F.3d 514, 517 (4th Cir. 2000) (identifying Virginia as a "deferral state"); *Lewis v. Norfolk S. Corp.*, 271 F. Supp. 2d 807, 811 (E.D. Va. 2003) ("In a 'deferral' state, like Virginia, this [EEOC] charge must be filed no later than 300 days 'after the unlawful practice occurred.'"). If an employee waits to file her EEOC charge until after the statutory period has elapsed, her claims are time-barred and thus she cannot file suit over them.

The Supreme Court has recognized that the deadline for filing an EEOC charge and, thus, preserving the right to sue in federal court can be equitably tolled under certain limited circumstances. *See Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990). Equitable tolling generally applies when some outside force prevents the employee from filing her claim or she

---

[5] Even if Gholson had named the individual defendants in her EEOC charge, a plaintiff may hold only an employer liable under Title VII and the ADEA, not her supervisors. *See Lissau v. S. Food Serv., Inc.*, 159 F.3d 177, 180-81 (4th Cir. 1998); *Birkbeck v. Marvel Lighting Corp.*, 30 F.3d 507, 510 (4th Cir. 1994). A suit against a supervisor in his official capacity operates as a suit against the employer itself, *see Hafer v. Melo*, 502 U.S. 21, 25 (1991), but such a construction here is unnecessary because Gholson named her employer in the EEOC charge. The official-capacity claims against the individual defendants are therefore duplicative and would be dismissed. *See Love-Lane v. Martin*, 355 F.3d 766, 783 (4th Cir. 2004) (approving dismissal of duplicative official-capacity claims where the plaintiff also named her employer in her civil rights lawsuit).

took good-faith but ineffective steps to file her claim within the statutory period. *See Baldwin Cnty. Welcome Ctr. v. Brown*, 466 U.S. 147, 151 (1984) (discussing equitable tolling scenarios in Title VII cases). Equitable tolling will not apply, however, in situations "where the claimant failed to exercise due diligence in preserving [her] legal rights." *Irwin*, 498 U.S. at 96. Nothing in her complaint indicates that Gholson was prevented by the Housing Authority from either recognizing pre-termination discrimination or pursuing a claim with the EEOC before her termination, so equitable tolling will not apply here.

Gholson filed her EEOC charge on August 29, 2013. Counting back 300 days from that date, she may pursue only claims of discrimination beginning November 2, 2012. The only allegations within that time period relate to her February 2013 termination.[6] The complaint mentions other instances of discrimination, such as her alleged demotion in 2011 during the Housing Authority's reorganization, but because those events fall outside the statutory period, they are not properly before the Court. Although Gholson may use those events as background evidence to show discrimination in her termination, they cannot provide an independent basis for recovery. *See Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 114 (2002).

### 1. Count I: Gender Discrimination

Gholson alleges the Authority fired her because of her gender. For the Court to have jurisdiction over this Title VII discrimination claim, she must have exhausted her administrative remedies. *See Jones v. Calvert Grp., Ltd.*, 551 F.3d 297, 300 (4th Cir. 2009). Gholson's EEOC charge asserted discrimination on the basis of race, color, and age, but not gender. She neither checked the box indicating sex discrimination nor did she state in the explanatory portion of the

---

[6] Moreover, Gholson's EEOC charge on its face limits its allegations specifically to her termination: both the earliest and latest dates provided for the "Date(s) Discrimination Took Place" are February 27, 2013, the date of her termination.

7

form that she was fired because of her gender. Accordingly, she has not exhausted her administrative remedies as to gender discrimination and cannot bring suit. *See Johnson v. Portfolio Recovery Assocs., LLC*, 682 F. Supp. 2d 560, 571 (E.D. Va. 2009) ("For example, the plaintiff's claim generally will be barred if [her] charge alleges discrimination on one basis—such as race—and [she] introduces another basis in formal litigation—such as sex.").

Accordingly, the Court grants the defendant's motion to dismiss with respect to Count I.

### 2. Count II: Race and Color Discrimination[7]

Gholson next alleges the Authority fired her on account of her race and color. She asserted both race and color discrimination in her EEOC charge, so these claims are properly before the Court for consideration.

The defendants argue that because Gholson does not point to any direct evidence of discrimination, she must plead the elements of a prima facie case under the standard announced in *McDonnell Douglas Corporation v. Green*, 411 U.S. 792, 802-05 (1973). But both the Supreme Court's decision in *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506 (2002), and a recent opinion from the Fourth Circuit make clear that *McDonnell Douglas* does not apply at the 12(b)(6) stage. To survive a motion to dismiss, a Title VII plaintiff "need not plead a prima facie case of discrimination." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 515 (2002). Instead, the complaint must satisfy Federal Rule of Civil Procedure 8(a)(2), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *see Swierkiewicz*, 534 U.S. at 511. For Title VII claims, the plaintiff must therefore "allege facts to satisfy the elements of a cause of action created by that statute," meaning that she was fired

---

[7] Count II also alleges gender discrimination, but the Court dismisses that claim for the same reason as Count I. Gholson did not assert gender discrimination in her EEOC charge, so she has not exhausted her administrative remedies as to that portion of Count II. *Jones*, 551 F.3d at 300.

because of her membership in a protected class. *McCleary-Evans v. Md. Dep't of Transp., State Highway Admin.*, No. 13-2488, 2015 WL 1088931, at *3 (4th Cir. Mar. 13, 2015). Although the *McDonnell Douglas* framework does not apply, the complaint must go beyond "naked allegations" or "formulaic recitation of the necessary elements," and instead make a "claim to relief that is *plausible* on its face." *Id.* (quoting *Iqbal*, 556 U.S. at 678-79) (internal quotation marks omitted). Here, Gholson's complaint does that.

Gholson claims she was fired because of her race and color, though the Housing Authority cited "performance concerns" as their basis. The complaint provides several examples of these performance concerns, including a lack of training and abuse of sick leave. According to Gholson, the reprimands she received in the months leading up to her termination ought to have applied equally to other white and lighter-skinned employees who were never disciplined for their actions. Because the Court must take her allegations as true at this stage, Gholson's complaint makes a plausible claim that she was fired because of her race and color, and that the Housing Authority's stated reasons were mere pretext.[8]

Accordingly, the Court denies the motion to dismiss as to Count II.

### 3. Count III: Age Discrimination

Gholson next alleges the Authority fired her because of her age. She noted this claim in her EEOC charge, thereby properly exhausting her administrative remedies as to age discrimination. The Court considers the claim on its merits, subject to the statutory time period limitations discussed above.

---

[8] The Court reiterates, however, that Gholson's claim under Count II is limited to discrimination in her termination, not discrimination in any other manner. The other instances described in the complaint may provide circumstantial evidence of racial animus, but they do not provide independent bases for recovery under Title VII, because they were not properly exhausted.

9

Similar to race- and color-based discrimination claims, a proper age-discrimination claim must plead that the plaintiff was fired because of her age, and must do so by stating facts that plausibly support that conclusion. 29 U.S.C. § 623; *cf. McCleary-Evans*, 2015 WL 1088931, at *3. For the same reasons Gholson's complaint states a claim under Title VII for race and color discrimination, it also states a claim under the ADEA. Gholson gives specific examples of discipline she received that should have applied equally to other younger employees. These facts plausibly support the conclusion that she was disciplined unfairly because of her age and that the discipline served as the pretext for firing her. Taking her allegations as true, the Court finds Gholson states a claim for age discrimination.

Accordingly, the Court denies the Authority's motion to dismiss Count III.

### C. § 1983 Claim

In Count IV, Gholson brings a claim under 42 U.S.C. § 1983, the federal law that prohibits government actors from violating one's constitutional rights. Specifically, Gholson claims the defendants violated her Fifth and Fourteenth Amendment rights to equal protection by discriminating against her on the basis of race, color, gender, and age.[9]

Section 1983 provides a cause of action against state actors for the violation of one's civil rights. *See, e.g., Monroe v. Pape*, 365 U.S. 167, 172 (1961). It "is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." *Graham v. Connor*, 490 U.S. 386, 394-95 (1989) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)) (internal quotation marks omitted). In order to state a claim under § 1983, a plaintiff must allege that a person acting under color of state law deprived her of a

---

[9] The Fifth Amendment applies only to federal actions, not state actions. *See Adarand Constructors, Inc. v. Pena*, 515 U.S. 200, 213-14 (1995). Because Gholson brings her claims against a local entity created under state law and related individuals, the Court dismisses her Fifth Amendment claims.

10

"right, privilege or immunity secured by the Constitution or laws of the United States." *Dowe v. Total Action Against Poverty in Roanoke Valley*, 145 F.3d 653, 658 (4th Cir. 1998).

### 1. Limitations and Constraints on § 1983 Claims

#### a. ADEA Preemption

The Fourth Circuit has concluded that the ADEA provides the exclusive remedy for age discrimination in employment claims, and thus preempts age discrimination claims brought under § 1983. *See Zombro v. Baltimore City Policy Dep't*, 868 F.2d 1364, 1369 (4th Cir. 1989); *but see Levin v. Madigan*, 692 F.3d 607, 615-622 (7th Cir. 2012) (concluding that the ADEA does not preempt § 1983 for age discrimination in employment claims). Gholson's claim under § 1983 for age discrimination, therefore, is preempted by the ADEA and must be dismissed.

#### b. Municipal Liability

Local government units like the Housing Authority are considered "persons" for purposes of § 1983 liability. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 (1978). Suits against individuals in their official capacities are to be treated as suits against the government entity for which the individual works. *Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985). The Court construes Gholson's claims against Steven Benham "in his capacity as Executive Director" of the Authority as official-capacity claims, and thus against the Authority itself.

Because local government entities cannot be held automatically liable under § 1983 for the discriminatory actions taken by their employees, a plaintiff seeking to hold a municipality liable must establish that the violation of her rights was the result of an official policy or custom. *See Monell*, 436 U.S. at 694; *Spell v. McDaniel*, 824 F.2d 1380, 1385 (4th Cir. 1987). "This requirement limits municipal liability under section 1983 to those actions for which the municipality is actually responsible by distinguishing between acts attributable to the

11

municipality and acts attributable only to municipal employees." *Hill v. Robeson Cnty.*, 733 F. Supp. 2d 676, 683 (E.D.N.C. 2010) (citing *Bd. of Cnty. Comm'rs of Bryan Cnty. v. Brown*, 520 U.S. 397, 403-04 (1997) and *Riddick v. Sch. Bd. of Portsmouth*, 238 F.3d 518, 523 (4th Cir. 2000)). To state a claim for municipal liability under § 1983, therefore, the plaintiff must show: (1) the violation of a federal right by a government official; and (2) the violation resulted from a municipal policy or custom. *Monell*, 436 U.S. at 691.

Gholson puts forward no facts regarding the Housing Authority's policies, customs, practices, policymaking decisions, or any other action that gives way to municipal liability. *See Lytle v. Doyle*, 326 F.3d 463, 471 (4th Cir. 2003) (pointing to express policies, authoritative policy decisions, deliberately indifferent omissions, and persistent and widespread practices as methods for asserting municipal liability). Instead, she simply concludes that the individual instances of discrimination against her are a part of "the pattern, practice, custom and usage" of the Authority. (Compl. ¶¶ 43, 48, 53, 57, 60.) Although the Court must liberally construe a *pro se* complaint, these statements amount to nothing more than threadbare recitals of a necessary element she must support with facts. Without any additional facts that plausibly imply the existence of actual policies, decisions, practices, or customs, the Court must find that Gholson fails to state a claim for municipal liability under § 1983.

Accordingly, the Court grants the defendants' motion to dismiss Count IV as against the Housing Authority and Steven Benham in his official capacity.

### c. Qualified Immunity

The remaining individual defendants claim qualified immunity with respect to Count IV. Qualified immunity protects public officials from liability under § 1983 for actions that do not violate clearly established law. A claim for qualified immunity raises two issues: (1) whether the

plaintiff alleges facts that establish the "violation of a constitutional right;" and (2) whether the constitutional right "was 'clearly established' at the time of the defendant's misconduct." *Pearson v. Callahan*, 555 U.S. 223, 232 (2009) (internal citations omitted). The Court can address either question first, and if either answer is "no," qualified immunity applies. *Id.* at 236.

In their discussion of the qualified-immunity defense, the defendants dutifully cite and quote the law of qualified immunity, but give no real argument supporting its application to the present case. Nor can they. The Fourteenth Amendment's Equal Protection Clause provides one of the most clearly established rights: the right to be free from racial discrimination. *See Brown v. Bd. of Ed. of Topeka*, 357 U.S. 483, 495 (1954). The Equal Protection Clause has also been interpreted to protect against discrimination on the basis of gender. *See Reed v. Reed*, 404 U.S. 71, 76 (1971). Gholson alleges facts to establish such discrimination, namely, that she received harsher treatment and ultimately was terminated due to her race, color, and gender. Accordingly, the defendants cannot make any real argument for the application of qualified immunity in this context, and the Court finds that it does not apply.

### d. Statute of Limitations

Section 1983 does not have its own statute of limitations, so courts apply the statute of limitations period for personal injury actions for the state in which the district court sits. *Almond v. Kent*, 459 F.2d 200, 203-04 (4th Cir. 1972); *Lucas v. Henrico Cnty. Sch. Bd.*, 822 F. Supp. 2d 589, 605-06 (E.D. Va. 2011); *Mveng-Whitted v. Va. State Univ.*, 2012 WL 3686285 (E.D. Va. Aug. 24, 2012). Virginia's statute of limitations for personal injury claims is two years. Va. Code § 801-243(A) ("[E]very action for personal injuries, whatever the theory of recovery ... shall be brought within two years after the cause of action accrues."). Accordingly, because Gholson filed her complaint on September 8, 2014, her § 1983 claim is limited to events

occurring on or after September 8, 2012. In the present suit, therefore, the only allegations not barred by the statute of limitations are those related to her February 2013 termination and one other allegation of discrimination: a September 18, 2012 memo from Steven Benham requiring Gholson to bring a doctor's note for future uses of her sick leave. Gholson alleges that her supervisors did not require her younger, male, white, or lighter-skin colored co-workers to comply with such a policy.

### 2. Sufficiency of the Complaint

To state a claim for discrimination under § 1983, the plaintiff must allege three elements: "(1) the defendant acted under color of state law; (2) by those actions, the defendant intentionally deprived the plaintiff of a right protected under the Constitution or laws of the United States; and (3) the defendant's actions were the proximate cause of the deprivation." *Mveng-Whitted*, 2014 WL 3686285, at *7. Gholson's complaint implies that each of the defendants acted in their roles as employees of the Housing Authority and, thus, under color of state law. As to the two other elements, because her complaint states a claim for discrimination under Title VII, it also sufficiently states a claim of deprivation of a constitutional right. *See Guseh v. N.C. Cent. Univ.*, 423 F. Supp. 2d 550, 559 (M.D.N.C. 2005) (holding that claims brought under § 1983 may be analyzed under the same standards as Title VII claims and require only one discussion on the merits).

Similarly, Gholson states a claim for gender discrimination under § 1983. Although the administrative exhaustion requirement of Title VII bars Gholson's claim for gender discrimination under that statute, the same allegations that support her Title VII and § 1983 race and color discrimination claims include allegations of gender discrimination with adequate specificity.

14

Although Gholson makes out factual allegations to state claims for race and gender discrimination under § 1983, those same allegations impugn only a few of the named defendants. Gholson's complaint describes interactions with Steven Benham, Kathryn Thompson, and Madelyn Madison-Hyde that give rise to plausible allegations they discriminated against her. As to defendants Linwood Crenshaw, Michael Mahaney, John Jones, Sheila Flowers, and Renee Broxie, Gholson's complaint provides no real factual allegations that they violated her equal protection rights in either the application of sick-leave policies or her termination. Instead, she makes generalizations about their awareness of her predicament and refusal to act against the poor treatment she received from Benham, Thompson, and Madison-Hyde. These vague conclusions about Crenshaw, Mahaney, Jones, Flowers, and Broxie do not rise to the level of stating sufficient facts to support the claim that they took cognizable actions that intentionally deprived Gholson of her Fourteenth Amendment rights.

Accordingly, while Gholson states a claim for race, color, and gender discrimination under § 1983, she fails to state those claims against defendants Crenshaw, Mahaney, Jones, Flowers, and Broxie. The Court dismisses those five defendants from the case.

### III. CONCLUSION

As explained above, the Court grants in part and denies in part the defendants' motion to dismiss. The Court dismisses Count I in its entirety, the gender-discrimination component of Count II, the age-discrimination component of Count IV, and all claims against defendants Crenshaw, Mahaney, Jones, Flowers, and Broxie. For the sake of clarity, the following claims remain:

    (1) race and color discrimination under Title VII against the Authority (Count II);

    (2) age discrimination under the ADEA against the Authority (Count III);

15

(3) race, color, and gender discrimination under § 1983 against defendants Benham, Thompson, and Madison-Hyde (Count IV).

The Court will enter an appropriate Order.

Let the Clerk send a copy of this Opinion to all counsel of record.

Date: May 19, 2015
Richmond, Virginia

/s/ *signature*
John A. Gibney, Jr.
United States District Judge